**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LEARAH BAILEY,
Plaintiff-Appellant,

v.

No. 98-2736

MANORCARE HEALTH SERVICES,
INCORPORATED, d/b/a Manor
Healthcare Corporation; RICK KEY,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams Jr., District Judge.
(CA-97-3022-AW)

Argued: November 30, 1999

Decided: February 7, 2000

Before WILKINSON, Chief Judge, KING, Circuit Judge,
and Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Omar Vincent Melehy, MELEHY & MELEHY, L.L.C.,
Silver Spring, Maryland, for Appellant. Russell Heuer Gardner,
PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees.

**ON BRIEF:** Charles J. Kresslein, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Learah Bailey appeals the district court's order granting summary judgment in favor of ManorCare Health Services, Inc., in this action brought pursuant to 42 U.S.C. § 2000e, et seq. ("Title VII"), and Maryland state law. In her complaint, Bailey alleged that she was sexually harassed by Rick Key, a member of the management team at the nursing facility where Bailey was employed. The complaint further alleged that because of Bailey's refusal to submit to Key's advances, she was subjected to "quid pro quo" harassment and acts of retaliation by ManorCare. Moreover, Bailey asserted that Key's conduct contributed to a hostile work environment, forcing her to resign from ManorCare's employ. Lastly, the complaint alleged various state-law tort claims against ManorCare, and Key individually.

In response, ManorCare noted that Bailey never experienced any tangible adverse employment action as a result of the alleged harassment. Bailey's contention that she was constructively discharged was belied by her attempt to return to work by rescinding her resignation immediately after it was given. ManorCare further maintained that it had exercised reasonable care to prevent and correct workplace harassment, and that Bailey had unreasonably failed to take advantage of these preventive and corrective opportunities.

The district court determined that Bailey's claims against ManorCare were without merit and granted summary judgment in favor of the employer on all counts.* We have carefully considered the written

_____

*The court declined to exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over Bailey's state-law tort claims against Key individually, and it dismissed those claims without prejudice.

submissions and oral argument, and we are unable to find reversible error. Accordingly, we are content to adopt the opinion of the district court and affirm on its reasoning. <u>Bailey v. ManorCare Health Services, Inc.</u>, No. CA-97-3022-AW (D. Md. October 30, 1998).

<u>AFFIRMED</u>

3